# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**SHARON FALLINS,**

        **Plaintiff,**

    **v.**                               **Civil Action 2:21-cv-1947**
                                             **Judge Edmund A. Sargus, Jr.**
                                             **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**


## REPORT AND RECOMMENDATION

Plaintiff, Sharon Fallins, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 13), the Commissioner's Memorandum in Opposition (ECF No. 14), Plaintiff's Reply (ECF No. 17), and the administrative record (ECF No. 12). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's determination.

## I.    BACKGROUND

Plaintiff filed her applications for a period of disability and disability insurance benefits, and for Medicare coverage as a Medicare-Qualified Government Employee, on November 13, 2015. (R. 384–85.) In her applications, Plaintiff alleged that she became disabled on February 14, 2014. (*Id.*) On September 12, 2018, following administrative denials of Plaintiff's application initially and on reconsideration, and after two hearings, Administrative Law Judge Jeannine Lesperance (the "ALJ") issued a decision finding that Plaintiff was entitled to Medicare coverage, but not to a period of disability or disability insurance benefits. (R. 188–202; *see also* R. 71–105 (transcripts of November 30, 2017 and July 5, 2018 hearings).) Plaintiff filed a Request for Review of the administrative decision on November 12, 2018. (R. 294–97.) The Appeals Council issued a Remand Order on September 3, 2019, (R. 213–14), and the ALJ held another hearing on June 8, 2020. (R. 47–70.) Plaintiff, represented by counsel, and a vocational expert, Jerry Olsheski, appeared and testified. On June 30, 2020, the ALJ issued the decision now under review, again denying Plaintiff's application for disability insurance benefits and granting the application for Medicare coverage. (R. 14–40.) Therein, the ALJ found that Plaintiff was eligible for Medicare coverage beginning on July 14, 2016. (*Id.*) On February 23, 2021, the Appeals Council denied Plaintiff's subsequent Request for Review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–6.) Plaintiff then timely commenced the instant action. (ECF No. 1.) In her Statement of Errors, (ECF No. 13), Plaintiff advances one contention of error: that the ALJ failed to properly evaluate the opinion of her chiropractor, Darren Holsten, D.C. (Pl.'s Statement of Errors 14, ECF No. 13.)

## II.    THE ALJ'S DECISION

The ALJ issued her decision on June 30, 2020.  (R. 16–36.)  First, the ALJ found that

Plaintiff met the insured status requirements for disability insurance benefits through June 30,

2014, and for Medicare coverage through September 30, 2019.  (R. 17, 19.)  At step one of the

sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial

gainful activity since her alleged onset date of February 14, 2014.  (R. 19.)  At step two, the ALJ

found that Plaintiff had the following severe impairments: degenerative disc disease of the

lumbar spine; degenerative joint disease of the right shoulder; degenerative joint disease of the

left knee; and posttraumatic stress disorder.  (*Id.*)  At step three, the ALJ found that Plaintiff did

not have an impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(R. 21.)  The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> After careful consideration of the entire record, I find that since February 14, 2014,
> the claimant has the residual functional capacity to perform light work as defined
> in 20 CFR 404.1567(b) except: the claimant can occasionally push/pull or operate

---

[1] The Social Security Regulations require ALJs to resolve a disability claim through a five-step
sequential evaluation of the evidence.  *See* 20 C.F.R. § 404.1520(a)(4).  Although a dispositive
finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th
Cir. 2007), if fully considered, the sequential review considers and answers five questions:

  1.    Is the claimant engaged in substantial gainful activity?
  2.    Does the claimant suffer from one or more severe impairments?
  3.    Do the claimant's severe impairments, alone or in combination, meet or equal the
        criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20
        C.F.R. Subpart P, Appendix 1?
  4.    Considering the claimant's residual functional capacity, can the claimant perform his
        or her past relevant work?
  5.    Considering the claimant's age, education, past work experience, and residual
        functional capacity, can the claimant perform other work available in the national
        economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009);
*Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

hand controls with the dominant right upper extremity; can frequently handle with the right upper extremity; can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; and cannot have exposure to hazards including unprotected heights or exposure to moving, mechanical parts. The claimant can perform simple and moderately complex tasks at an average pace, without strict time or productions demands; can interact occasionally with others on matters limited to the straightforward exchange of information without negotiation, persuasion or conflict resolution; and can adapt to occasional changes in work duties.

(R. 23.)  At step four, the ALJ found that Plaintiff could not perform any past relevant work.  (R. 33.)  At step five, relying on testimony from the vocational expert, the ALJ determined that prior to July 14, 2016, jobs existed in the national economy that Plaintiff could have performed.  (R. 34.)  Therefore, the ALJ determined that Plaintiff was not entitled to a period of disability or disability insurance benefits, because she was not disabled through June 30, 2014, her date last insured.  (R. 35.)  However, on July 14, 2016, Plaintiff's age category changed, and the ALJ determined there were no jobs in the national economy that she could perform after that date. (*Id.* (citing Medical-Vocational Rule 202.06).)  Therefore, the ALJ determined that Plaintiff was entitled to Medicare coverage beginning July 14, 2016.  (*Id.*)

### III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is

---

[2] A claimant's residual functional capacity ("RFC") is an assessment of "the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).

defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)

## IV. ANALYSIS

As set forth above, Plaintiff's sole contention of error is that the ALJ failed to properly evaluate the opinion of her chiropractor, Darren Holsten, D.C. (Pl.'s Statement of Errors 14, ECF No. 13.)

An ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case. 20 C.F.R. § 404.1527.[3] The applicable regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity

---

[3] Plaintiff filed her application for benefits on November 13, 2015. (R. 384–85.) Accordingly, it is governed by the regulations cited here, which control claims filed prior to March 27, 2017.

of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do

despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 404.1527(a)(1).

Chiropractors, like chiropractor Holsten, are not "acceptable medical sources" and

instead fall into the category of "other sources."  *See* 20 C.F.R. § 404.1513(a); SSR 06–03p

(rescinded as to claims filed after March 27, 2017); *see also Craig v. Comm'r of Soc. Sec.,* 116

F.3d 1480, 1997 WL 357818, at *2 (6th Cir. 1997) (unpublished table decision) (declining to

consider chiropractor's opinion under the treating physician rule because "chiropractors are

considered 'other sources'").  Although the ALJ must consider opinions from "other sources"

and "generally should explain the weight given," "other-source opinions are not entitled to any

special deference."  *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) (citation

omitted); 20 C.F.R. § 404.1527(f)(2) (providing that the ALJ "generally should explain the

weight given to opinions from these sources or otherwise ensure that the discussion of the

evidence in the . . . decision allows a claimant or subsequent reviewer to follow the adjudicator's

reasoning . . . .")  The ALJ considers "other source" opinions using the same factors for

weighing a medical opinion from an acceptable medical source, but "not every factor for

weighing opinion evidence will apply in every case because the evaluation of an opinion from a

medical source who is not an acceptable medical source . . . depends on the particular facts in

each case."  20 C.F.R. § 404.1527(f)(1).  The relevant factors include the examining relationship,

the length of the treatment relationship and frequency of examination, the nature and extent of

the treatment relationship, the supportability of the opinion, the consistency of the opinion with

the record as a whole, and the specialization of the source.  20 C.F.R. § 404.1527(c)(1)–(6).

Here, the ALJ offered the following discussion of chiropractor Holsten's opinion:

In a questionnaire prepared by the claimant's representative dated December 14,
2015, Darren Holsten, D.C., reported having seen the claimant 3 times per week for

6

12 weeks, to treat right shoulder synovitis and tenosynovitis (Exhibit 2F, page 1). Chiropractor Holsten indicated the claimant could stand/walk for 3 hours total in an 8-hour workday, sit for 4 hours total in an 8-hour workday, would need to shift positions at will, would never lift and carry any month of weight, never twist, stoop, crouch/squat, or climb ladders or stairs, and could perform no amount of fine, gross, or reaching with the right upper extremity (Exhibit 2F, page 2). Chiropractor Holsten further noted that the claimant would experience constant pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple tasks, could tolerate moderate stress, and on average would miss more than four days per month from work due to her impairments or treatment (Exhibit 2F, page 3). Chiropractor Holsten notated that the claimant has "temp. total disability" and is "unable to work at this time status post op" (Exhibit 2F, page 3). I have assigned this opinion little weight until the claimant attained the advanced age category. Chiropractor Holsten is not an acceptable medial source, as he is a chiropractor; also, the record reflects he only treated her for 12 weeks, and therefore did not observe the claimant long enough to determine whether her degree of symptoms would last 12 months or more. I also note that the claimant was still in a post-operative status after her shoulder scope, which would not be expected to remain at the same degree of limitation as she recovered over time. However, the opinion is consistent with the outcome as of the established onset date, so while I do not adopt all of his limitations, and do not find the statement fully persuasive as of the date of the questionnaire, I give it some weight. I also note that this statement would not apply to the claim for a period of Disability and Disability Insurance Benefits (DIB), as he treated the claimant, and dated the questionnaire, well after her DIB DLI.

(R. 30.)

The undersigned finds no error with the ALJ's consideration and weighing of chiropractor Holsten's opinion. The ALJ properly considered that chiropractor Holsten was an "other source," and Plaintiff does not contest this determination. (*See* Pl.'s Statement of Errors 15, ECF No. 13.) The ALJ reasonably discounted the opinion because it was limited to a 12-week period during which Plaintiff was recovering from a shoulder surgery, long after Plaintiff's date last insured for disability insurance benefits. (*See* R. 564–66, opinion of chiropractor Holsten, indicating that he was treating Plaintiff's right shoulder "3x wk for 12 wks, 1 hr" and opining that Plaintiff was "unable to work at this time: status post op.") The ALJ reasonably found that the degree of limitation that chiropractor Holsten observed during this 12-week post-

operative period "would not be expected to remain" the same as Plaintiff "recovered over time." (R. 30.) In fact, medical records that the ALJ discussed elsewhere in her opinion demonstrate that Plaintiff's right shoulder impairment *did* improve after this period. (*See, e.g.* R. 25–26 (discussing January 25, 2016 orthopedic examination indicating that Plaintiff reported "greatly increased" range of motion 13 weeks after her shoulder operation (R. 2344); August 13, 2016 chiropractic note indicating right shoulder improvement after additional rehabilitation (R. 871)).) Perhaps most importantly, the ALJ correctly found that chiropractor Holsten's opinion "would not apply" to Plaintiff's application for disability insurance benefits because the opinion is dated "well after" Plaintiff's date last insured. (R. 30); *see Moon v. Sullivan,* 923 F.2d 1175, 1182 (6th Cir. 1990) ("[T]o establish entitlement to disability insurance benefits, an individual must establish that he became 'disabled' prior to the expiration of his insured status.") (citations omitted); *Strong v. Soc. Sec. Admin.,* 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value."); *see also Crawford v. Comm'r of Soc. Sec.,* No. 1:17–cv–723, 2018 WL 6625124, at *10 (S.D. Ohio Dec. 18, 2018) (collecting cases; finding ALJ did not err by discounting treating physician's post-insured status opinion "on the ground that it was not relevant to the period under consideration"). It was reasonable for the ALJ to discount an opinion pertaining to the discrete post-operative treatment of Plaintiff's shoulder more than one year after her date last insured. As set forth above, the ALJ was not required to give chiropractor Holsten's opinion any special deference, nor to explain in detail how she assessed it; she was only required to consider the statutory factors as they applied to the facts of this case. 20 C.F.R. § 404.1527(f)(1)–(2). There is nothing in the ALJ's determination that suggests she did not do this. In sum, the ALJ

reasonably weighed chiropractor Holsten's opinion and reasonably afforded it "little weight" as to Plaintiff's application for disability insurance benefits.

Moreover, the ALJ's opinion makes clear the bases for her exertional RFC findings and her ultimate decision denying disability insurance benefits.[4] In determining Plaintiff's RFC, the ALJ relied upon examination findings, surgical and other treatment history, a detailed discussion of the opinion evidence, and Plaintiff's own testimony. The ALJ also assessed RFC restrictions accommodating Plaintiff's right shoulder issues, including limiting her to occasionally pushing or pulling with her right upper extremity, and frequently handling with her right upper extremity. (R. 23.) Plaintiff does not contest any specific RFC finding, nor does she dispute the ALJ's consideration of any evidence other than chiropractor Holsten's opinion. As discussed above, to prevail on her application for disability insurance benefits, Plaintiff was required to adduce evidence that she became disabled between her alleged onset date of February 14, 2014, and her date last insured of June 30, 2014. The ALJ thoroughly evaluated and discussed the evidence relevant to that period, and substantial evidence supports her determination denying benefits.

## V.      DISPOSITION

From a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying disability insurance benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

---

[4] Plaintiff's "appeal is based upon the ALJ's evaluation of her physical impairments," (ECF No. 13 at 2), so the undersigned limits this discussion to Plaintiff's exertional RFC.

9

## VI.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report and Recommendation, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report and Recommendation or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review it *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE